**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY JAMES MERRICK, | No. 17-16053 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00820-SPL |
| v. | |
| CHARLES L. RYAN, Warden; MICHAEL LINDERMAN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Arizona state prisoner Anthony James Merrick appeals pro se from the

district court's summary judgment in his action under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Merrick's request for oral argument, set forth in his briefs, is denied.

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Merrick's free exercise and RLUIPA claims because Merrick failed to raise a genuine dispute of material fact as to whether his proffered religious beliefs were sincerely held.  *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (inquiry into sincerity of religious belief permitted under RLUIPA); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (a claim under the free exercise clause of the First Amendment requires a sincerely held religious belief).

The district court properly granted summary judgment on Merrick's Fourteenth Amendment equal protection claim because Merrick failed to raise a genuine dispute of material fact as to whether Merrick was intentionally denied a reasonable opportunity to pursue his faith as compared to prisoners of other faiths. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (under § 1983, plaintiff must show that officials intentionally acted in a discriminatory manner to establish an equal protection claim), *abrogated on other grounds as recognized by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

The district court properly granted summary judgment on Merrick's Establishment Clause claim because Merrick failed to raise a genuine dispute of

material fact as to whether defendants' policies had the primary or principal effect of advancing religion, inhibiting religion, or fostering excessive government entanglement with religion. *See Inouye v. Kemna*, 504 F.3d 705, 712 n. 7 (9th Cir. 2007) (setting forth test for Establishment Clause violation).

The district court did not abuse its discretion by denying Merrick's motion for appointment of counsel because Merrick did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-16053